UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Zljahuc Logan James, aka, Zljahuc L. James, ) | C/A No.  5:13-cv-00977-JMC-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | REPORT AND RECOMMENDATION |
| ) | |
| Warden FCI Estill, ) | |
| Defendant.  ) | |
| _____ ) | |

Plaintiff, a pro se prisoner, brings this action alleging claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). This matter is before the court on Defendant's Motion to Dismiss, or in the alternative, Motion for Summary Judgment, filed on September 12, 2013. ECF No. 35.[1] Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) the court advised Plaintiff, on September 13, 2013, of the dismissal procedures and the possible consequences if he failed to respond adequately to Defendant's Motion. ECF No. 36. On October 21, 2013, Plaintiff filed a response in opposition to Defendant's Motion. ECF No. 42.[2]

I.      Factual Background

Plaintiff is presently confined in the Federal Corrections Institution in Coleman, Florida. At the time of the incidents alleged in the Complaint, Plaintiff was incarcerated at the Federal Corrections Institution in Estill, South Carolina ("FCI-Estill"). ECF No. 1 at 1.

---

[1] Because the court has considered matters outside of the pleadings, the undersigned is considering the motion as one for summary judgment. Fed. R. Civ. P. 12(d).

[2] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C, which provides for all pretrial proceedings in certain types of matters be referred to a United States Magistrate Judge. Because Defendant's Motion is dispositive, the undersigned enters this Report for the district judge's consideration.

In his Complaint, Plaintiff contends that staff at Estill improperly opened his legal mail, refused to process his grievances, threatened his life and "call[ed] him various names," refused to pay him for his "suicide watch companion dutys [sic]," and refused to make copies of his "legal work while in court proceedings." ECF No. 1 at 1.  Plaintiff also argues that he has been denied medical treatment and "treated unjustly and racially, and religiously prejudiced against." *Id.*   Plaintiff seeks compensatory damages and injunctive relief.  ECF No. 1-2 at 5.

II.     Standard of Review

A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *see also Haines v. Kerner*, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).  Nor can the court assume the existence of a genuine issue of material fact when none exists. *See* Fed. R. Civ. P. 56(c).  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  The movant "bears the initial burden of pointing to the absence of a genuine issue of material fact." *Temkin v. Frederick Cnty. Comm'rs*, 945 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). If the movant carries its burden of showing there is an absence of evidence to support a claim, then the plaintiff must demonstrate by affidavits, depositions,

answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. 477 U.S. at 324-25. An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the plaintiff. *Anderson*, 477 U.S. at 248. Issues of fact are "material" only if establishment of such facts might affect the outcome of the lawsuit under governing substantive law. *Id.* A complete failure of proof concerning an essential element of the plaintiff's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23. Moreover, a "mere scintilla of evidence" in support of an essential element will not forestall summary judgment. *Anderson*, 477 U.S. at 251.

   III.   Analysis

       A. *Bivens* Claims

Plaintiff is bringing suit against an employee of a federal prison; as such, his constitutional claims are evaluated under *Bivens*. *Bivens* is the case establishing, as a general proposition, that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits. *Carlson v. Green*, 446 U.S. 14, 18 (1980); *see also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983. However, federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of state law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 (1982). Nevertheless, *Harlow* and progeny indicate that case law involving § 1983 claims is applicable in *Bivens* actions and vice versa. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Bolin v. Story*, 225 F.3d 1234, 1241-42 (11th Cir. 2000); *Campbell v. Civil Air Patrol*, 131 F. Supp. 2d 1303, 1310, n.8 (M.D. Ala. 2001) ("the court shall refer interchangeably to cases" decided under both § 1983 and *Bivens).*

B.     Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (codified as amended at 42 U.S.C. § 1997e(a) (1996)), mandates, among other things, that federal prisoners exhaust their administrative remedies prior to filing civil actions. *See Jones v. Bock*, 549 U.S. 199, 211 (2007). Exhaustion is required for "[a]ll action[s] . . . brought with respect to prison conditions, whether under § 1983 or any other Federal law." *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (internal quotations omitted). The PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." 534 U.S. at 532. Exhaustion is a threshold requirement which must be satisfied in order for prisoner complaints to proceed. *See Jones*, 549 U.S. at 216; *Booth v. Churner*, 532 U.S. 731, 741 (2000). Although PLRA exhaustion is not jurisdictional, failure to exhaust is an affirmative defense that can be pleaded by the defendants. *Jones*, 549 U.S. at 216. No unexhausted claims may be considered by the court; such claims must be dismissed. *Jones*, 549 U.S. at 211. The PLRA requires "proper" exhaustion, that is, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).

"Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones*, 549 U.S. at 204. It also has the potential to reduce the number of inmate suits and to improve the quality of suits that are filed by producing a useful administrative record. *Id.*; *Woodford*, 548 U.S. at 93-95. "When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can

4

be gathered and preserved." *Woodford*, 548 U.S. at 95. This is the reason for the Federal Bureau of Prisons ("BOP") requirement that inmates institute their grievances within 20 days of the date of incident giving rise to the complaint. *See* 28 C.F.R. § 542.14(a). As the Court explained:

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction, and under respondent's interpretation of the PLRA noncompliance carries no significant sanction. For example, a prisoner wishing to bypass available administrative remedies could simply file a late grievance without providing any reason for failing to file on time. If the prison then rejects the grievance as untimely, the prisoner could proceed directly to federal court. And acceptance of the late grievance would not thwart the prisoner's wish to bypass the administrative process; the prisoner could easily achieve this by violating other procedural rules until the prison administration has no alternative but to dismiss the grievance on procedural grounds. We are confident that the PLRA did not create such a toothless scheme.

*Woodford*, 548 U.S. at 95.

Defendant argues he is entitled to summary judgment because Plaintiff "has not exhausted the Administrative Remedy process established by the BOP relating to any of the allegations set forth in his complaint." ECF No. 35 at 10. In support of this contention Defendant offers an affidavit from Tami Cassaro, Supervisory Attorney for United States Department of Justice Bureau of Prisons, who is currently assigned to the South Carolina Consolidated Legal Center. Cassaro Aff. ¶ 1, ECF No. 35-3. Cassaro attests that she has reviewed BOP records and these records reflect that Plaintiff has not exhausted his administrative remedies concerning the allegations in his Complaint. *Id.* ¶ 6. Cassaro avers that although Plaintiff's Complaint alleges that his grievances are "being withheld" and staff

5

refuses to answer his BP-8s,[3] Cassaro attests that "[t]here is no evidence that [Plaintiff] specifically requested and was denied, any administrative remedy forms by his Correctional Counselor, who is responsible for issuing and logging administrative remedy forms issued to inmates." *Id.* ¶ 7. Cassaro attests that there is no evidence that staff refused to answer Plaintiff's BP-8s and in fact Plaintiff "received at least 16 administrative remedy forms in the three plus years he was at Estill, [and] though initially several of [Plaintiff's] remedies were rejected, he corrected them and resubmitted several remedies so that shows he understood the process, yet he simply chose not to complete the rest of the Administrative Remedy Process." *Id.* Cassaro further attests that "there is no evidence that [Plaintiff] notified the Administrative Remedy Coordinator or Clerk, the Warden, or other Executive staff that his Unit Team was allegedly not responding to his BP-8s or denying his administrative remedies." *Id.*

Plaintiff argues in response that he was "not allowed 'to no fault of his own' to complete [his administrative remedies] – thus, denying [him] the very right he is entitled to." ECF No. 42 at 1. Plaintiff contends that "the finding that [he] was denied and rejected in more than half of the 16 administrative remedy process forms – then later mislead and misguided by the rejections and with-holding of [Plaintiff's] complaints, not only shows the dereliction of dutys [sic] by [Plaintiff's] unit team counselor but also shows that Mr. Steve Mora neglected to look into the problems at hand." *Id.* at 2. Plaintiff argues that "seeing as

---

[3] The BOP has a three-tiered administrative grievance process. *See* 28 C.F.R. §§ 542.10, *et seq.* An inmate may first seek to informally resolve his complaint by filing a Form BP-8, and if the matter cannot be resolved informally, the inmate must file a formal written "Administrative Remedy Request" (Form BP-9) within 20 calendar days following the date on which the basis for the complaint occurred. 28 C.F.R. §§ 542.13, 542.14(a). If the inmate is dissatisfied with the response, he may appeal the decision to the Regional Director within 20 calendar days of the date of the Warden's response by filing a Form BP-10. 28 C.F.R. § 542.15. Finally, the inmate may appeal this decision to the General Counsel within 30 calendar days of the Regional Director's response by filing a Form BP-11. *Id.*

6

all of [his] complaints were filed in order one behind the other – not spread out, but in a repetitive matter, this expressing the urgenese [sic] of [Plaintiff's] fustraightron [sic] and unjustifiable treatment, while at estill, F.C.I." *Id.*

The undersigned finds that Plaintiff has failed to submit sufficient evidence to create a genuine question of fact as to whether his ability to use FCI-Estill's grievance system was inhibited. Plaintiff's general statements that he was misled by the rejection of his grievances and was prevented from completing his administrative remedies, without more, is insufficient to overcome the undisputed evidence that Plaintiff failed to complete the administrative remedy process regarding the allegations contained in his Complaint. Therefore, even taking the evidence in the light most favorable to Plaintiff, the record shows that he failed to properly exhaust his remedies. *See Woodford*, 548 U.S. at 90; *Jones,* 549 U.S. at 218. Accordingly, it is recommended that Defendant's Motion for Summary Judgment be granted.

IV.     Conclusion

For the reasons discussed above, it is recommended that the court grant Defendant's Motion for Summary Judgment, ECF No. 35, and that Plaintiff's Complaint be dismissed.

IT IS SO RECOMMENDED.

March 4, 2014                                                                       Kaymani D. West
Florence, South Carolina                                                  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**